Thomas Lee REISSIG, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–94–00150–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 29, 1996.

Gary M. Polland, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

FOWLER, Justice.

Appellant, Thomas Lee Reissig, challenges his conviction for murder on the grounds that (1) his plea of nolo contendere was involuntary, (2) the trial court erred in denying his motion to withdraw his plea, (3) the trial court erred in denying his first amended motion for new trial, and (4) his trial counsel rendered ineffective assistance. We affirm.

## FACTS AND PRIOR POSTURE

On August, 23, 1993, appellant pled nolo contendere without an agreed punishment recommendation to the felony offense of murder. *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 1989).[1] At the hearing on appellant's plea the trial judge, Judge Burdette, withheld a finding of guilt, recessed the hearing and ordered a pre-sentence investigation

(PSI). The punishment hearing was then set and rescheduled several times. On December 9, 1993, appellant's trial counsel filed a motion to withdraw appellant's plea of "no contest," and appellant also filed a handwritten supplemental motion to withdraw his plea.

### Appellant's Hearing on Motion to Withdraw Plea

On December 13, 1994, a hearing was held on appellant's motion to withdraw his plea. Judge Burdette presided at this hearing with the consent of both appellant and the State. Appellant testified that it was his understanding that an agreement had been reached and that his punishment would be assessed at thirty years or less. The appellant also testified that he believed the court would assess punishment without a PSI, and that he would not have waived a jury trial if he were going to receive more than thirty years. Finally, he stated that even though he told the court there was no promise, he nonetheless understood he would receive thirty years or less.

Appellant's plea papers, signed by him, are contained in the record. They consist of his waiver of constitutional rights, his agreement to stipulate, his judicial confession, his motion for probation, and his waiver of a court reporter at the plea hearing. The prosecutor questioned appellant concerning his signature on these papers and appellant eventually admitted signing them but stated his signature was not voluntary because he had an understanding that he would receive only thirty years if he signed the papers.

After appellant testified, the trial judge stated on the record his recollection of the August 23 plea hearing. He first noted that his admonitions to a defendant entering a plea without an agreed recommendation "are always the same, they do not vary." The judge then stated that he admonished appellant that he had a right to have the proceedings recorded by a court reporter, that he had a right to a jury, and that he had a right

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the offense was committed.

to a formal reading of the indictment. Appellant responded that he understood and waived all those rights. The trial judge said he then asked appellant several questions concerning his understanding of his plea of "no contest" and his understanding of the range of punishment for the offense he committed. Appellant acknowledged he understood both his plea and the range of punishment. The trial judge then recalled asking appellant if he was entering his plea because he did not wish to contest the charge and for no other reason, and appellant said yes. The trial judge stated he asked appellant if anyone had promised him anything, and appellant stated no. The trial judge said he finally informed appellant that punishment would be assessed by the court and appellant testified he understood. After this statement and some additional testimony by appellant, the trial judge denied both of appellant's motions to withdraw his plea and assessed punishment at sixty years confinement in the Texas Department of Criminal Justice.

## Appellant's Hearing on Motion for New Trial

A hearing on appellant's motion for new trial was held on February 14, 1993. Visiting Judge Frank Price presided at this hearing at which defense counsel, the prosecutor, Judge Burdette and appellant testified. Appellant's trial counsel testified that after appellant rejected the State's offer, he went to Judge Burdette to inquire about another offer for his client. Appellant's counsel testified that Judge Burdette told him that he did not have a problem with sentencing appellant somewhere between twenty to twenty-nine years. Appellant's counsel also testified that he informed appellant of his conversations with Judge Burdette.

The prosecutor testified that he knew of no deal for appellant, except for the offer he had originally made, which appellant rejected. He also did not specifically recall being present when appellant's counsel had conversations with the judge about a sentence lower than thirty-five years. The prosecutor stated he was present when one conversation between appellant's trial counsel and Judge Burdette took place and he did not remember any agreement being reached.

Judge Burdette testified that he did not remember agreeing to sentence appellant to less than thirty-five years. He stated that if he had made a deal he would not have ordered a PSI, explaining that he orders PSI's only when he feels he does not have enough information at hand to determine what sentence to give a defendant. He also said that when he does agree to sentence a defendant to a particular range of years he tells the prosecutor to make a note of it and remind him. Finally, he said that nothing in the case indicated to him that he had agreed to give appellant a sentence between twenty and thirty years.

Appellant testified that his lawyer told him that Judge Burdette had promised to assess punishment at no greater than thirty years if he pled "no contest." The visiting judge then asked appellant the following questions concerning his plea:

THE COURT: You knew, did you not, that at the time that you entered your plea of no contest to this charge of murder that the full range of punishment that the Judge could consider was life confinement in the Texas Department of Criminal Justice or any term of years not less than five nor more than ninety-nine with an optional fine not to exceed $10,000. You knew that, did you not?

[APPELLANT]: Yes, I did.

THE COURT: In fact, the Judge even told you that at the time that he was admonishing you and asking you questions about your giving of your plea, right?

[APPELLANT]: Yes.

THE COURT: All right. And so you knew what the full range of punishment was?

[APPELLANT]: Yes.

THE COURT: [Sic] Knew it because you knew it and also the Judge reminded you of that at the time you entered your plea, correct?

[APPELLANT]: Correct.

THE COURT: And you knew having signed the papers that this was without an agreed recommendation, correct?

[APPELLANT]: Correct.

THE COURT: And you knew also from what Judge Burdette told you that there was no agreements [sic] that he would be bound by?

[APPELLANT]: Correct.

THE COURT: And you also knew, did you not, that when he gave you the range of punishment, that he told you that his responsibility and obligations was to assess the punishment anywhere within the range that he told you about. You knew that didn't you.

[APPELLANT]: Yes, I did.

THE COURT: You also knew that he was going to ask for a pre-sentencing investigation report to be prepared concerning the matter of sentencing, did you not?

[APPELLANT]: Yes, I did.

THE COURT: He told you there would be a background check and a check into the facts of this case?

[APPELLANT]: Correct.

THE COURT: And you knew—well, I assume that you talked to some probation officer or somebody with the probation department. It's now called Department of Supervision. I think at the time it was called Probation Department. And they asked you certain questions to which you responded about background information and just biographical information, things like that, right?

[APPELLANT]: Right.

THE COURT: And you were aware, were you not, that a pre-sentence investigation report is to assist any judge in assessing punishment where there is no plea bargaining agreement. You knew that, did you not?

[APPELLANT]: Right, yes I did.

THE COURT: Did either you or your attorney ever remind the Judge at that time, at any time during the taking of this plea, that you thought there was a commitment to something less than 30 years? Was that ever done?

[Appellant]: No.

The trial court concluded the hearing and denied the motion.

In three points of error, appellant contends that his plea of nolo contendere was involuntary, the trial court erred in overruling his motion to withdraw, and the visiting judge erred in overruling his motion for new trial.

■ A plea of nolo contendere may be accepted by a court only if it is free and voluntary. Tex.Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989). When based on erroneous advice of counsel, a defendant's election to plead nolo contendere can be involuntary. *Ex parte Battle,* 817 S.W.2d 81, 83 (Tex.Crim.App.1991). However, a plea is not rendered involuntary merely because the sentence exceeds what is expected, even if the expectation was raised by the defendant's attorney. *Enard v. State,* 764 S.W.2d 574, 575 (Tex.App.—Houston [14th Dist.] 1989, no writ); *West v. State,* 702 S.W.2d 629, 633 (Tex.Crim.App.1986).

■ A plea of nolo contendere which is voluntarily and knowingly made waives all nonjurisdictional defects occurring prior to the entry of the plea, including deprivations of federal due process, but not errors occurring at or after entry of such a plea. *Jack v. State,* 871 S.W.2d 741, 743 (Tex.Crim.App. 1994); *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App.1972). However, since this waiver rule is predicated upon a knowing and voluntary plea, it does not preclude a challenge to the voluntariness of the nolo contendere plea on appeal. *Soto v. State,* 837 S.W.2d 401, 403 (Tex.App.—Dallas 1992, no pet.).

■ In reviewing the voluntariness of a nolo contendere plea, this court views the record as a whole. *See Williams v. State,* 522 S.W.2d 483, 485 (Tex.Crim.App.1975). A showing in the record that the defendant received an admonishment on punishment is prima facie evidence that his nolo contendere plea was knowing and voluntary. *See Fuentes v. State,* 688 S.W.2d 542, 544 (Tex. Crim.App.1985). The burden then shifts to the defendant to show that he entered his plea without understanding the consequences of the plea. *Id.* If the record is otherwise silent, we will presume the correctness of a recital in the judgment regarding the voluntariness of a nolo contendere plea. *Miller v.*

*State*, 879 S.W.2d 336, 338 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

Appellant claims his plea was involuntary because his trial counsel assured him that Judge Burdette said he would impose a lighter punishment than was ultimately assessed. However, appellant testified at the hearings on his motion to withdraw plea and his motion for new trial that he understood that the trial court *could* sentence him from five to ninety-nine years in prison and impose a fine of up to $10,000 because there was no agreed recommendation as to punishment. He also acknowledged on the record that he told the trial court he had not been promised anything in exchange for his plea. In addition, he admitted that neither he nor his counsel attempted to remind the court *on the record* of the court's alleged agreement to sentence appellant to less than thirty years.

Apart from appellant's allegations that his trial counsel told him that he had conferred with the judge and that he could receive punishment between twenty and twenty-nine years and his counsel's own confirmation of this, the record contains no evidence that appellant expected to receive a certain punishment. At a hearing on a motion for new trial, the trial judge is the trier of fact and his findings should not be disturbed unless abuse of discretion has been demonstrated. *Keady v. State*, 687 S.W.2d 757, 759 (Tex.Crim.App.1985). In addition, "the trial judge ... could properly consider the interest and bias of any witness, ... and the judge was not required to accept as true the testimony of the accused or any defense witness simply because it was not contradicted." (citations omitted). *Messer v. State*, 757 S.W.2d 820, 828 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). Given a conflict among the witnesses as to what did or did not happen, we cannot say the plea was involuntary, *Miller*, 879 S.W.2d at 338, or that the visiting trial judge in this case abused his discretion in denying the motion for new trial.

Furthermore, based upon our review of the entire record, and our conclusion that

appellant failed to show that his plea was involuntary, we cannot say that the trial judge abused his discretion by refusing to allow appellant to withdraw his plea. Appellant's points of error one through three are overruled.

In his fourth point of error, appellant points to two instances in which he alleges he was denied effective assistance of counsel under the Sixth Amendment of the United States Constitution. In support of his first contention, appellant alleges that his attorney caused his misunderstanding regarding sentencing. Second, appellant alleges that his trial counsel was ineffective because he failed to put on the record the "promises" that were made to *induce* his plea.

Ineffective assistance of counsel is a nonjurisdictional issue that a defendant waives by pleading nolo contendere. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied*, — U.S. —, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). Because appellant relied upon the information his trial counsel gave him prior to the entry of his nolo contendere plea, appellant waived review of this complaint by pleading nolo contendere.

The second instance of alleged ineffective assistance of counsel, on the other hand, is a complaint regarding what occurred or did not occur at the time the plea was made and we will address it. *Id.* "Having assured the court that his plea was voluntary and not based on any promises or inducements, and having stood by silently while the court assessed his punishment at the sentencing hearing, appellant cannot now complain that his counsel was ineffective in advising him about the court's intent in assessing punishment."[2] *Messer*, 757 S.W.2d at 827–28. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.

---

2. Although we do not have a statement of facts from the plea hearing, testimony given by all of

those present at the hearing, including appellant,

established that appellant said nothing to remind the court of what he thought was an agreement.