11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Rebecca Garcia a/k/a Rebecca Aguilera

Appellant

Vs.                   No.
11-00-00163-CR  --  Appeal from Taylor County

State of Texas

Appellee

 

Rebecca Garcia a/k/a Rebecca Aguilera entered an
open plea of no contest to the charge of aggravated sexual assault of a child
under the age of 14.  The trial court
convicted appellant and assessed her punishment at confinement for five
years.  We affirm.  

Appellant presents four points of error.  In the first point, appellant contends that
the trial court erred by denying her motion for new trial because her plea was
involuntary.  In the second point,
appellant contends that the trial court erred by denying her motion for new
trial based upon trial counsel=s
failure to present evidence beneficial to her defense.  In the third and fourth points, appellant
argues that she received ineffective assistance of counsel under both the
United States Constitution and the Texas Constitution because of the cumulative
effect of trial counsel=s
failure to present beneficial evidence and of his assurance that appellant
would receive a probated sentence. 

Appellant contends in her first point of error
that her plea was not voluntarily made and that the trial court erred in
denying the motion for new trial based upon the involuntariness of her
plea.  In her motion for new trial,
appellant asserted that she would not have pleaded no contest but for trial
counsel=s assurance that
the trial court would assess a probated sentence.  








At the hearing on the motion for new trial, three
witnesses testified:  appellant=s mother, the victim, and
trial counsel.  Appellant did not
testify.  Appellant=s mother testified that she
was present when appellant and trial counsel discussed the plea and that trial
counsel told appellant that she was to plead no contest and that she would get
probation.  Appellant=s mother stated that
neither she nor appellant understood that Athat
word no contest means the same as B
as being guilty.@  The victim, appellant=s daughter, testified that she was not present
during any conversations between appellant and trial counsel.  The victim merely testified that her mother
did not assist or help Carlos Lopez in the commission of the offense.  Trial counsel testified that he discussed
with appellant the range of punishment and the options available to her.  He told her his opinion that Athe only way she could
avoid prison would be to get a deferred adjudication finding from the Court.@  Trial counsel refuted the testimony of appellant=s mother.  He denied promising appellant that she would
receive probation.  He also testified
that he told appellant there was Aevery
indication and every chance@
that she would get sentenced to serve time in the penitentiary.  According to his testimony, trial counsel
had thoroughly investigated the case and discussed the available options with
appellant prior to her plea.  Trial
counsel acknowledged that appellant=s
mother had told him that appellant did not help Lopez commit the offense.  

The record from appellant=s plea hearing shows that the trial court
admonished appellant, explained deferred adjudication to her, informed her that
she was not eligible for regular probation, and told her that the only options
available were deferred adjudication or Astraight
pen time@ within the
range of 5 to 99 years or life.  The
trial court also explained that, if she were sent to prison, appellant would
have to serve at least half of the sentence imposed by the trial court before
she would be eligible for parole.  In
answer to questions by the trial court, appellant indicated that she understood
that there was no plea bargain, that whatever happened in her case was up to the
trial court, and that the trial court would decide whether to send her to the
penitentiary or defer the adjudication of her guilt.  After receiving the admonishments, appellant stated that she was
pleading no contest of her own free will. 

A plea is not involuntary merely because the
sentence exceeded what the defendant expected. 
Valle v. State, 963 S.W.2d 904, 909‑10 (Tex.App. ‑ Texarkana
1998, pet=n ref=d); Ybarra v. State, 960
S.W.2d 742, 745‑46 (Tex.App. ‑ Dallas 1997, no pet=n); Reissig v. State, 929
S.W.2d 109, 112‑13 (Tex.App. ‑ Houston [14th Dist.] 1996, pet=n ref=d).  Appellant has not shown that her plea was
involuntary or that she entered the plea without understanding the
consequences.  Consequently, we hold
that the trial court did not abuse its discretion in overruling appellant=s motion for new
trial.  The first point of error is
overruled.  








In her second point, appellant asserts a new
rationale for the motion for new trial. 
The motion filed in the trial court did not address trial counsel=s failure to present
beneficial witnesses.  The only basis on
which appellant requested a new trial was her trial counsel=s alleged assurance of a
probated sentence.  Thus, we cannot say
that the trial court abused its discretion by failing to grant a new trial on
an issue not raised in the trial court. 
TEX.R.APP.P. 33.1(a).  The second
point of error is overruled.  

In the next two points, we will apply the
well-recognized standard of review for ineffective assistance of counsel.  We
must first determine whether appellant has shown that trial counsel's
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel's errors. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999); Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App.1986).  In order to assess
counsel's performance, we must make every effort to eliminate the distorting
effects of hindsight, to reconstruct the circumstances, and to evaluate the
conduct from counsel's perspective at the time.  We must indulge a strong presumption that counsel's conduct fell
within the wide range of reasonable professional assistance; and appellant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy. 
Stafford v. State, 813 S.W.2d 503, 508‑09 (Tex.Cr.App.1991).  

The
record shows that trial counsel denied making any assurances to appellant that
she would receive a probated sentence. 
The record also shows that trial counsel thoroughly investigated the
case and was aware that appellant=s mother asserted that
appellant had nothing to do with the crime committed by Lopez.  Appellant, however, pleaded no contest and
stipulated that, Aas a party,@ she did: 

[I]ntentionally and knowingly
sexually assault [K.G.], a female child younger than fourteen (14) years of
age, by causing the male sexual organ of Carlos Mendoza Lopez to penetrate the
female sexual organ of the said [K.G.].

 








Furthermore, the State called Lopez to testify at the plea
hearing.  Lopez gave testimony that
incriminated appellant and showed that appellant knew that he was having sex
with her 11-year-old daughter, that appellant gave a ring to Lopez to give to
the victim, that appellant encouraged them to get married, that appellant
helped him move into her house and into a bedroom with the victim,  and that appellant put a lock on the inside
of the bedroom door so that Lopez and the victim could have some privacy.  

We hold that appellant has failed to show that she
received ineffective assistance of counsel. 
Both trial counsel and the trial court admonished appellant prior to the
plea.  The record indicates that
appellant knowingly and voluntarily waived the right to call witnesses in her
behalf and that she knowingly and voluntarily entered her plea of no contest.  The record also reflects that trial counsel
called witnesses, including appellant and her mother, to testify at the
punishment hearing.  Appellant has not
shown that trial counsel=s
representation fell below an objective standard of reasonableness.  The third and fourth points of error are
overruled.  

The judgment of the trial court is affirmed.

 

            JIM
R. WRIGHT

JUSTICE

 

October 4, 2001

Do not publish. 
See TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and McCall, J.