Affirmed and Memorandum Opinion filed January 13, 2004















Affirmed and
Memorandum Opinion filed January 13, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NOS. 14-02-01201-CR &

      14-02-01202-CR

 

DANDRA LEE BARNES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________________________________________

 

On Appeal from the 180th District
Court

Harris County, Texas

Trial Court
Cause Nos. 883,930 and 883,931

_______________________________________________

 

M E M O R A N D U M   O P I N I O
N

            This is an appeal from two
convictions for aggravated robbery.  In
eight issues, appellant Dandra Lee Barnes contends
(1) the trial court failed to comply with certain statutory requirements when
it accepted his guilty plea; (2) his guilty plea was involuntary; (3) he
received ineffective assistance of counsel; and (4) the trial court erred in overruling
his objections to the acceptance of his pleas, his motion to withdraw his
guilty pleas, and his motion for new trial. 
Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

Background

            Appellant was twice charged with
aggravated robbery.  On August 28, 2002, he pled
guilty without an agreed recommendation from the State as to his
punishment.  The cases were reset for
sentencing.  On September 10, 2002, the State
and appellant agreed to seven years’ confinement as punishment, and the trial
court followed this agreement.[1]  After he was sentenced, appellant filed a
motion to withdraw his guilty pleas, a motion for new trial, and objections to
the acceptance of his pleas.  Appellant’s
motions were denied, but the trial court granted permission to appeal.  See Tex. R. App. P. 25.2(a)(2).

Statutory Requirements

            In his first three issues, appellant
contends the trial court erred by failing to comply with certain statutory requirements
in accepting his guilty pleas. 
Specifically, appellant claims the trial court failed to (1) obtain
written jury trial waivers, see Tex. Code Crim. Proc. Ann. art.
1.13(a) (Vernon Supp. 2004); (2) approve in writing the agreement to stipulate
the evidence of his guilt,[2] see Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004);
and (3) admonish him of the consequences of his pleas, see Tex. Code  Crim. Proc.
Ann. art. 26.13 (Vernon Supp. 2004).  Appellant
claims he entered two separate guilty pleas to each charge—one without an
agreed punishment recommendation from the State, and a subsequent plea with an
agreed punishment recommendation. 
According to the record, the trial court complied with all statutory
requirements for acceptance of guilty pleas, and appellant pled guilty to both
aggravated robbery charges on August 28,
 2002.  Subsequently, the
State offered and appellant accepted a punishment recommendation.  Appellant contends that the trial court was
required to comply with the statutory requisites for acceptance of guilty pleas
again because he entered subsequent guilty pleas with an agreed punishment
recommendation.  However, once a guilty
plea has been accepted following compliance with the statutory requirements,
the statutory admonishments need not be repeated even though the defendant and
the State enter into a different sentencing agreement.  See Munoz v. State, 840 S.W.2d 69, 72 (Tex. App.—Corpus Christi
1992, pet. ref’d).  Because the trial court complied with the
statutory requirements when it accepted appellant’s guilty pleas, we overrule
appellant’s issues one, two, and three.

Voluntariness of Plea

            In his fourth issue, appellant
claims his guilty pleas were involuntary because (1) circumstances changed between
the time he pled guilty and the time he was sentenced; (2) he did not
understand that the plea papers he signed without an agreed punishment
recommendation would apply to a subsequent sentencing agreement; (3) he was
forced to accept the seven year sentencing agreement; and (4) he did not
voluntarily waive his rights.  The voluntariness of a guilty plea is determined by the
totality of the circumstances.  Griffin v. State, 703
S.W.2d 193, 196 (Tex. Crim. App. 1986).  There is prima facie proof that a guilty plea
was knowing and voluntary when the record shows that a defendant was admonished
by the trial judge.  Ex parte Williams,
704 S.W.2d 773, 775 (Tex. Crim. App. 1986).  The record in this case shows appellant was
properly admonished by the court.[3]  Therefore, this is prima facie proof
appellant’s pleas were voluntary.   

            Once prima
facie proof has been presented that a guilty plea was voluntary, the burden
then shifts to the defendant to show he did not understand the consequences of
his plea.  Miller v. State, 879 S.W.2d 336, 338 (Tex. App.—Houston [14th
Dist.] 1994, writ ref’d) (citing Fuentes v. State, 688 S.W.2d 542, 544 (Tex. Crim.
App. 1985)).  A defendant who attests
that he understands the nature of his plea and that it is voluntary has a heavy
appellate burden to prove involuntariness. 
Edwards v. State,
921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no writ).  The only evidence appellant presented at the
hearing on his motion for new trial were his statements as follows: (1) he did
not freely and voluntarily waive his rights; (2) he was forced to accept the
State’s punishment recommendation (although he does not explain how); and (3)
he did not understand that his plea papers would apply to the punishment
agreement he made with the state.  We
find appellant’s unsupported assertions insufficient to prove that his pleas
were involuntary.  See Alvear v. State, 25 S.W.3d 241, 246 (Tex. App.—San
Antonio 2000, no pet.) (citing Disheroon v. State, 687 S.W.2d 332, 334 (Tex. Crim.
App. 1985)).

Ineffective Assistance of Counsel

            In his fifth issue, appellant claims
his attorney was ineffective for failing to explain the consequences of his
guilty plea.  Because appellant raised
this issue in his motion for new trial, we will consider this as a challenge to
the denial of his motion for new trial.  Melancon v. State, 66 S.W.3d 375, 378 n.3 (Tex.
App.—Houston [14th
Dist.] 2001, pet. ref’d).  We review a trial court’s denial of a motion
for new trial for abuse of discretion.  Salazar v. State, 38
S.W.3d 141, 148 (Tex. Crim. App. 2001).  

            To demonstrate ineffective
assistance of counsel, a defendant must show that (1) counsel’s performance
fell below an objective standard of reasonableness under prevailing
professional norms; and (2) there is a reasonable probability that, but for
counsel’s deficient performance, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 688 (1984); Rodriguez v.
State, 899 S.W.2d 658, 664 (Tex. Crim. App.
1995).  In considering the
first prong, we indulge a strong presumption that counsel’s actions fell within
the range of reasonable professional assistance.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999).  To overcome this
presumption, an allegation of ineffectiveness must be firmly demonstrated in
the record.  Id.  

            In appellant’s motion for new trial,
he claimed his attorney never explained that the plea documents he previously
signed would apply to a subsequent sentencing agreement.  He further contends that he would not have pled
guilty if his counsel had explained all of the consequences.  Appellant presented no other evidence
supporting this claim.  Although uncontradicted, the trial court, as trier
of fact, was not required to accept appellant’s testimony as true.  Reissig v. State, 929 S.W.2d 109, 113 (Tex.
App.—Houston [14th Dist.] 1996, pet. ref’d).  Having failed to rebut the
presumption that his counsel’s actions were reasonable, we find the trial court
did not abuse its discretion in denying appellant’s motion for new trial.  We overrule appellant’s fifth issue. 

Withdrawal of Guilty Plea and Motion for New Trial

            In his sixth and seventh issues,
appellant contends the trial court erred by overruling his motion to withdraw
his guilty pleas and his motion for new trial because there was no
documentation to support his guilty plea, and because he stated he was not
guilty in each case.  Because a motion to
withdraw a guilty plea and a motion for new trial are functionally
indistinguishable, we will consider these issues together.  See Dusenberry v. State, 915 S.W.2d 947, 949 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d) (citing Evans v. State, 843 S.W.2d 576, 578
(Tex. Crim. App. 1992).  As previously discussed, the record contains
properly executed plea documents supporting appellant’s guilty pleas entered on
August 28.  Because this was appellant’s
only guilty plea, no additional documentation was necessary.

            After the trial judge entered
judgment, appellant stated he was not guilty of the offenses and requested his
guilty pleas be withdrawn.  The decision
to allow a defendant to withdraw his guilty plea after the trial judge has
pronounced judgment is within the sound discretion of the trial court.  Jackson v. State, 590
S.W.2d 514, 515 (Tex. Crim. App. 1979).  When appellant made his guilty pleas, he
stipulated that the allegations contained in the indictments were true.  This judicial confession was sufficient to
establish appellant’s guilt.  Watson v. State, 974
S.W.2d 763, 764 (Tex. App.—San Antonio 1998, pet. ref’d).  Because the trial court had evidence to
support appellant’s guilt, denying his request to withdraw his guilty plea upon
his later claims of innocence was not an abuse of discretion.  Id.  

            We will not disturb a trial court’s
denial of a motion for new trial absent a clear showing of abuse of
discretion.  Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). 
We will not substitute our judgment for that of the trial court, but
rather we must decide whether the trial court’s decision was arbitrary or
unreasonable.  Id.  Although appellant stated in his motion for
new trial that he was not guilty of the offenses, the trial court, as trier of fact, was the sole judge of the credibility of
these statements.  Messer v. State, 757 S.W.2d 820, 828
(Tex. App.—Houston [1st Dist.] 1988, pet. ref’d).  Because we have already found that appropriate
documentation and proof of guilt supported appellant’s guilty pleas, we also
conclude the trial court did not abuse its discretion by denying appellant’s
motion for new trial.  We overrule
appellant’s sixth and seventh issues.

Objections to the Pleas

            In his eighth issue, appellant
contends his right to due process was violated when the trial court overruled
the objections in his motion for new trial. 
Specifically, appellant objected to the acceptance of his guilty pleas
claiming that because they were involuntary and he received ineffective
assistance of counsel, he was denied a fair trial by an impartial jury on guilt
and a fair hearing on punishment.  We
have already concluded that appellant failed to establish that his counsel was
ineffective and his guilty pleas were involuntary.  Therefore, the trial court did not err by
overruling appellant’s objections on these grounds.  Additionally, appellant signed a written
waiver of his right to a trial by jury.  See Tex.
Code Crim. Proc. Ann. art. 1.13 (Vernon Supp. 2004).  Finally,
because appellant entered into a punishment agreement with the State, he was
not entitled to a punishment hearing.  McDonald v. State, 64
S.W.3d 86, 90 (Tex. App.—Austin 2001, no pet.). 
Accordingly, we overrule appellant’s eighth issue.

            Having
overruled appellant’s issues, the judgment of the trial court is affirmed.

 

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Memorandum Opinion
filed January 13, 2004.

Panel consists of Justices
Anderson, Seymore and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).

 











            [1]  The judgments state there was no agreed punishment
recommendation, but to the contrary, the docket sheet indicates, and there is
no dispute that an agreement was reached. 
Therefore, we do not rely on the statement in the judgment that there
was no punishment agreement.  See Breazeale v.
State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984)
(holding that recitations in a formal judgment are binding when there is no
proof of their falsity).  





            [2]  Appellant claims the trial court failed to sign one
document containing appellant’s stipulation of guilt in one of the charges,
constituting noncompliance with article 1.15. 
However, the trial court did sign another document approving appellant’s
stipulation.   





            [3]  We do recognize that when appellant was admonished
about his guilty pleas, there was no punishment recommendation from the
State.  Consequently, appellant could
appeal his conviction.  However, after he
reached an agreement with the State as to punishment, his ability to appeal was
limited.  See former Tex. R. App. P.
25.2(b)(3).  Appellant
has not claimed that he did not understand this consequence of accepting the
State’s recommended punishment, and because appellant was granted permission to
appeal, any limitation on his right to appeal was not a direct result of his
plea.  See Jimenez v. State, 987 S.W.2d 886, 888 & n.6 (Tex. Crim. App. 1999) (holding a plea is not involuntary if the
defendant is not aware of a collateral consequence, or one that is within the
discretion of the trial court).