Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB















Opinion
issued January 4, 2007










 

 

 

 


















 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00152-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ARTHUR KELVIN LOVELL, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 1004084

 








 



MEMORANDUM OPINION

 

Appellant Arthur Kelvin Lovell
pleaded guilty to the second-degree felony offense of burglary of a habitation
with intent to commit theft without an agreed punishment recommendation from
the State.  Tex. Pen. Code Ann. § 30.02(a)(1), (c)(2)  (Vernon 2003).  After the preparation of a pre-sentence
investigation report and an evidentiary hearing, the trial court assessed
punishment at eight years’ confinement. 
In four issues, Lovell contends he received ineffective assistance of
counsel during his sentencing hearing because counsel (1) failed to file a
written motion for continuance to obtain an additional mental health
evaluation, (2) failed to move to withdraw Lovell’s guilty plea, (3) opened the
door to inadmissible victim impact testimony, and (4) made an inadequate and
affirmatively prejudicial closing argument requesting prison time instead of
community supervision.  We conclude that Lovell has failed to demonstrate that he received
ineffective assistance of counsel at his sentencing hearing.  We therefore affirm.

Background

          In
October 2004, Lovell broke into the home of his neighbor, Mitchell
Fontenot.  Fontenot lives with his wife,
Kimberly, and their two children, Maya and Cyrus.  During the break-in, Lovell broke several
windows and splashed bleach throughout the house.  Lovell also stole an assortment of
undergarments and clothing belonging to Kimberly, Maya, and Cyrus.  

 

 

Ineffective Assistance of Counsel

Standard of Review

To show ineffective assistance of counsel, a defendant must demonstrate
both (1) that his counsel’s performance fell below an objective standard of
reasonableness; and (2) that there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687–88, 694, 104 S.
Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Mallett v. State, 65 S.W.3d 59, 63 (Tex.
Crim. App. 2001).  A
defendant has the burden to establish both of these prongs by a preponderance
of the evidence, and a failure to make either showing defeats his
ineffectiveness claim.  Mitchell v.
State, 68 S.W.3d 640, 642 (Tex.
Crim. App. 2002).  We presume that
counsel’s conduct falls within the wide range of reasonable professional
assistance, and we will find counsel’s performance deficient only if the conduct
is so outrageous that no competent attorney would have engaged in it.  Andrews, 159 S.W.3d at 101.  We
cannot speculate beyond the record provided, so any allegation of
ineffectiveness must be firmly founded in the record, and the record
affirmatively must demonstrate the alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  The Strickland test applies to the punishment phase of a non-capital trial,
as well as guilt-innocence.  Hernandez v. State, 988 S.W.2d 770, 772–74
(Tex. Crim. App. 1999).

In most cases, an
undeveloped record on direct appeal is insufficient to satisfy the dual prongs
of Strickland because the reasonableness of counsel’s decisions often
involves facts not appearing in the appellate record.  Rylander v. State, 101 S.W.3d 107, 110 (Tex.
Crim. App. 2003).  It is therefore critical
that the defendant obtain the necessary record in the trial court to rebut the Strickland
presumption that counsel’s conduct was strategic.  Thompson, 9 S.W.3d at 814; McCullough v. State, 116 S.W.3d 86, 92 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref’d).  This
kind of record is best developed in a hearing on a motion for new trial, or by
application for a writ of habeas corpus.  See Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App.
1998); McCullough, 116
S.W.3d at 92.  Without evidence of the
strategy and methods involved concerning counsel’s actions at trial, an
appellate court should presume a sound trial strategy.  See Thompson, 9 S.W.3d at 814.  If no reasonable trial strategy could
justify trial counsel’s conduct, counsel’s performance falls below an objective
standard of reasonableness as a matter of law, regardless of whether the record
adequately reflects trial counsel’s subjective reasons for acting as he did.  Andrews,
159 S.W.3d at 102.  

Motion for Continuance

          In his first issue, Lovell contends his trial counsel was
ineffective in failing
to file a written motion for continuance to obtain an additional mental health evaluation.  At the beginning of the sentencing
hearing, Lovell’s counsel made an oral motion for continuance to obtain an
additional mental health evaluation. 
Counsel alleged that before the hearing, he had difficulty communicating
with Lovell, and that Lovell was acting in a disorderly manner in his holding
cell.  The trial court denied the motion,
noting that Lovell already had three previous mental health evaluations, each
finding him competent to stand trial and legally sane.  The most recent evaluation occurred on November
22, 2005, a few months before the February 16, 2006 sentencing hearing.  

“A motion for continuance not in
writing and not sworn preserves nothing for review.”  Dewberry
v. State, 4 S.W.3d 735, 755 (Tex.
Crim. App. 1999).  To
establish ineffective assistance of counsel based on the failure to file a
written and sworn motion for continuance, the appellant must demonstrate that
the trial court would have erred in denying a sworn and written motion for
continuance made during trial.  See Vaughn
v. State, 888 S.W.2d
62, 74 (Tex. App.—Houston [1st Dist.] 1994), aff’d, 931 S.W.2d
564, 566–67 (Tex. Crim. App. 1996).  A trial court’s decision to grant or deny a
motion for continuance is discretionary. 
Heiselbetz
v. State, 906 S.W.2d 500, 511 (Tex. Crim. App.
1995).  “To establish an abuse of discretion, there must
be a showing that the defendant was actually prejudiced by the denial of his
motion.”  Janecka v. State, 937 S.W.2d 456, 468
(Tex. Crim. App. 1996).  A
trial court abuses its discretion where the denial of a continuance results in
demonstrated and specific prejudice.  Id.; Heiselbetz,
906 S.W.2d at 511–12; Rosales
v. State, 841 S.W.2d 368, 372–73 (Tex. Crim. App. 1992); see also Renteria v. State, No.
AP-74829, 2006 WL 2860988, at *5 (Tex.
Crim. App. Oct. 4, 2006) (holding that defendant must show specific prejudice to
his defense to establish that trial court abused its discretion in refusing to
grant continuance).

Lovell contends that he
was prejudiced by the denial of the motion for continuance because he was not
able to obtain an additional mental health evaluation.  Lovell, however, does not establish any specific
prejudice to his cause arising from the trial court’s failure to grant his
motion for continuance.  See Janecka, 937 S.W.2d at 468 (holding that
assertion of inadequate time to prepare defense does not establish specific
prejudice necessary to find abuse of discretion in denying motion for
continuance); Heiselbetz,
906 S.W.2d at 512 (holding that bare assertion that counsel did not have enough
time to interview potential witnesses does not alone establish prejudice).  The record reflects that Lovell
received three mental health evaluations before the sentencing hearing.  In each evaluation, the psychologist found
Lovell to be competent to stand trial and legally sane.  Furthermore, two psychologists who examined
Lovell found that he could be feigning his symptoms.  On this record, we conclude that the trial
court did not abuse its discretion in denying Lovell’s motion for
continuance.  See Heiselbetz, 906
S.W.2d at 511 (granting or denying motion for continuance is within trial
court’s sound discretion).  Lovell
therefore fails to satisfy the second prong of the Strickland test because he cannot show that but for counsel’s unprofessional
error, the result of the proceeding would have been different.  466 U.S.
at 687–88, 694, 104 S. Ct. at 2064, 2068; Andrews, 159 S.W.3d at 101–02.  

Guilty Plea

          In
his second issue, Lovell contends his trial counsel was ineffective in failing
to move to withdraw his guilty plea.  During
closing argument, defense counsel stated that Lovell has had psychiatric
problems for the last fifteen years and cannot be held “responsib[le] for his
actions the way a normal person can.” 
Lovell maintains that if counsel actually believed this, he should have
moved to withdraw Lovell’s guilty plea and tried the case to a jury.  

The record demonstrates that the
trial court properly admonished Lovell, establishing prima facie proof that he
entered his plea knowingly and voluntarily. See Reissig v. State, 929 S.W.2d 109, 112
(Tex. App.—Houston [14th Dist.] 1996, pet. ref’d).  The record also contains no evidence of
counsel’s reasons for not moving to withdraw the guilty plea and no evidence
that Lovell lacked a rational understanding of the proceedings against him.  Lovell has therefore failed to rebut the Strickland presumption that counsel’s
conduct was strategic.  See Thompson, 9 S.W.3d at 814; McCullough, 116 S.W.3d at 92–93.  Accordingly, Lovell has not satisfied the first prong of Strickland.  466 U.S.
at 687–88, 104 S. Ct. at 2064–65.

Victim Impact Testimony

In his third issue, Lovell contends
his trial counsel was ineffective in opening the door to inadmissible victim
impact testimony during the sentencing hearing. 
During the hearing, the following exchange occurred:

[DEFENSE COUNSEL]: And so I guess I think the primary
question [that] is going to come from this is where Arthur should go from
here.  Whether it should be to prison, to
a hospital, or to some other place.  And
the fact is that as long as he’s not living right next to you with open access
to your children—

 

[MR. FONTENOT]: Well, I’m concerned also about the
community at large.

 

[DEFENSE COUNSEL]: Certainly.

 

[MR. FONTENOT]: You know, we happened to be the
objects of his desire.

 

[DEFENSE COUNSEL]: But if he was in a hospital or if
he was in prison, you’d actually prefer a hospital; is that correct?

 

[MR. FONTENOT]: I can’t say what I would prefer
because as a father, I’ve had to deal with my anger towards Arthur.  And as a protector, my own sense of what I
can do to protect my family.  So, if I
were just purely taken [sic] the crime for what the crime was and from what it
looked like was going to happen at some point, then I would say, yeah, Arthur
needs to be locked away.  How long, I
don’t know; but in conjunction with that, yeah, I would like to see Arthur get
some help because Arthur needs help obviously.

 

Victim impact evidence is designed to show the
victim’s uniqueness as an individual human being, and is a way to inform the sentencing authority about
the specific harm caused by the crime in question.  Salazar v.
State, 90 S.W.3d 330, 335 (Tex.
Crim. App. 2002).  If the
probative value of victim impact evidence outweighs the prejudicial effect, victim impact
evidence is admissible in the punishment phase of non-capital offense trials.  Id. at 335 & n.5.  The victim impact evidence must also bear on the
defendant’s personal responsibility and moral culpability.  Id. at 335; Williams
v. State, 176 S.W.3d 476, 483 (Tex.
App.—Houston
[1st Dist.] 2004, no pet.).  “The
wishes of
the victim’s family members as to the defendant’s fate fall beyond the
parameters of victim-impact evidence and are not admissible.”  Simpson
v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).

The record is silent as to why
counsel sought to elicit statements from Fontenot regarding his opinion on
Lovell’s punishment.  It appears as
though defense counsel’s punishment strategy may have been to demonstrate that
the witness had some sympathy for Lovell that could inspire a lower prison
sentence, followed by a civil commitment. 
Regardless, Lovell has failed to rebut the Strickland presumption that counsel’s conduct was strategic.  See Thompson,
9 S.W.3d at 814; McCullough,
116 S.W.3d at 92–93; see also Tong v.
State, 25 S.W.3d 707, 713–14 (Tex. Crim. App. 2000) (holding counsel’s
failure to object to victim impact testimony did not constitute ineffective assistance
of counsel when record was silent as to counsel’s strategy).  We overrule Lovell’s third issue because he has not satisfied the
first prong of Strickland.  466 U.S. at 687–88, 104 S. Ct. at 2064–65.

Closing Argument

          In
his fourth issue, Lovell contends his counsel was ineffective because counsel
made an inadequate and affirmatively prejudicial closing argument requesting
prison time instead of community supervision. 
During closing arguments, defense counsel made the following statement:

And I’d ask the Court to also take into consideration
that [Lovell] has no prior felonies.  He
has no prior felony convictions, which would make him probation eligible for
that to be available to the Court in its wisdom.  But what we really want, Judge, is we want
for him to get the minimum sentence of two years.  And then we want the State to take action and
have him civilly committed, which they have the power to do.

 

Lovell maintains that he was eligible
for community supervision, he filed a motion for community supervision, and it
is defense counsel’s job to ask for community supervision rather than
confinement.

The record is silent as to why
counsel asked for confinement rather than community supervision.  Once again, it appears as though defense
counsel’s punishment strategy may have been to obtain hospitalization for
Lovell, instead of a lengthy prison term.[1]  Lovell has therefore failed to rebut the Strickland presumption that counsel’s
conduct was strategic.  See Thompson, 9 S.W.3d at 814; McCullough, 116 S.W.3d at 92–93.  Accordingly, Lovell has not satisfied the first prong of Strickland.  466 U.S. at 687–88, 104 S. Ct. at 2064–65.

 

 

 

 

 

 

 

Conclusion

We hold that Lovell has
failed to demonstrate that he received ineffective assistance of counsel at his
sentencing hearing.  We therefore affirm
the judgment of the trial court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1] The maximum sentence for a second-degree felony is
twenty years’ confinement and a $10,000 fine. 
Tex. Pen. Code Ann. § 12.33
(Vernon 2003).