**Affirmed and Memorandum Opinion filed February 13, 2014.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-12-00938-CR

### JEREMY ONEIL FOUNTAIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1339400**

## M E M O R A N D U M    O P I N I O N

Appellant pleaded guilty without an agreed recommendation on punishment to possession of a firearm by a felon and entered a plea of true to a single enhancement paragraph. In a single issue, appellant contends he received ineffective assistance of counsel. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Prior to entering his guilty plea appellant was admonished as to the consequences of his plea. *See* Tex. Code Crim. Proc. art. 26.13. Appellant entered a plea of guilty

without an agreed recommendation on punishment and requested a presentence investigation report (PSI). After consideration of the PSI, the trial court sentenced appellant to six years in prison. The range of punishment for felon in possession of a firearm with one enhancement is two to ten years in prison and a fine not to exceed $10,000. *See* Tex. Penal Code §12.34. Appellant filed a timely notice of appeal.

Appellant was represented on appeal by retained counsel. Counsel filed a motion to withdraw supported by a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that after a conscientious examination of the record, he determined the appeal to be wholly frivolous. Counsel also forwarded to appellant a copy of the brief and informed appellant of his right to proceed with the appeal pro se or retain another attorney to represent him on appeal. On September 27, 2013, appellant filed a pro se brief.

On November 26, 2013, this court granted counsel's motion to withdraw and ordered the *Anders* brief stricken. *See Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (striking *Anders* brief filed by a retained attorney because the *Anders* procedural safeguards are not applicable). In our order granting counsel's motion to withdraw, we permitted appellant thirty days to obtain new counsel. Appellant filed a letter with this court on January 9, 2014, stating his desire to rely on his pro se brief filed earlier.

## ANALYSIS

In his pro se brief, appellant contends that he was denied his right to effective assistance of counsel under the Sixth Amendment of the United States Constitution because his attorney assured him he would receive probation if he pleaded guilty and requested a PSI.

To prevail on a claim of ineffective assistance of counsel, an appellant must show

2

by a preponderance of the evidence that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) the deficient performance caused appellant prejudice because there is a probability sufficient to undermine confidence in the outcome that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (*citing Strickland v. Washington*, 466 U.S. 668 (1984)).

To satisfy *Strickland*'s first prong, appellant must identify acts or omissions of counsel that allegedly were not the result of reasonable judgment. *Strickland*, 466 U.S. at 690. A defendant must overcome the presumption that trial counsel's actions fell within the wide range of reasonable and professional assistance. *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). If the reasons for counsel's conduct at trial do not appear in the record and it is possible that the conduct could have been grounded in legitimate trial strategy, an appellate court will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. *Id*.; *see also Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). To warrant reversal when trial counsel has not been afforded an opportunity to explain his reasons, the challenged conduct must be "so outrageous that no competent attorney would have engaged in it." *Roberts v. State*, 220 S.W.3d 521, 533–34 (Tex. Crim. App. 2007).

To satisfy *Strickland*'s second prong, the appellant must establish a reasonable probability that, but for counsel's errors, the result would have been different. *Strickland*, 466 U.S. at 694. Failure to satisfy either prong defeats an ineffective assistance claim. *Id*. at 697. In determining whether counsel was ineffective, we consider the totality of the circumstances of the particular case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

When a defendant challenges the voluntariness of a guilty plea on the basis of ineffective assistance of counsel, the voluntariness of his plea depends on (1) whether

3

counsel's advice was within the range of competence demanded and, if not, (2) whether there is a reasonable probability that, but for the ineffective assistance, the defendant would not have pleaded guilty and would have insisted on going to trial. *See In re Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). A defendant does not receive ineffective assistance of counsel simply because trial counsel advises the defendant to plead guilty under an expectation that the court will probate the sentence or impose a lighter sentence than is received. *See Graves v. State*, 803 S.W.2d 342, 345 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd).

Appellant was admonished in writing pursuant to article 26.13 of the Texas Code of Criminal Procedure. Appellant did not file a motion for new trial or otherwise present evidence that his counsel advised him that he would receive probation, or, if so, that such advice was not based in reasonable trial strategy. There is no evidence in this record, other than appellant's contention in his pro se brief, to support his claim that his counsel was ineffective and that his guilty plea was involuntarily made. *See Reissig v. State*, 929 S.W.2d 109, 112 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). Without proof that shows both ineffective assistance and a reasonable probability that appellant would have insisted on a trial, he cannot overcome the strong presumption of effective assistance of counsel. *See Flores v. State*, 18 S.W.3d 796, 800 (Tex. App.—Austin 2000, no pet.).

Appellant has not established that he received ineffective assistance by relying on his attorney's professional opinions and unsuccessful trial strategy. *See Graves*, 803 S.W.2d at 345. Accordingly, we overrule appellant's issue on appeal and affirm the judgment of the trial court.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — Tᴇx. R. Aᴘᴘ. P. 47.2(b).