Alvaro Contreras FUENTES, Appellant,

v.

STATE of Texas, Appellee.

No. C14–83–252–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 1, 1984.

Discretionary Review Granted
Oct. 31, 1984.

Humberto Trejo, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This is an appeal from a conviction for possession with intent to deliver a controlled substance, namely cocaine in violation of the Controlled Substances Act, Art. 4476–15, Sec. 4.03(c) (Vernon Supp.1982–1983). The original indictment charged appellant with possession with intent to deliver at least 400 grams of the substance. The state reduced that charge to read: "more than 28 grams and less than 200 grams." Appellant pled nolo contendere to the reduced charge, and the trial court assessed punishment at seven years confinement in the Texas Department of Corrections. We affirm.

Appellant arrived at Houston Intercontinental Airport from Maracaibo, Venezuela, on September 14, 1982. He picked up his luggage and went into the "green area," an area designated for passengers who claim they have nothing to declare. United States Customs Agent Clarence Sims, a man with three years expertise in the field, testified (1) there were two lumps on the back side base of appellant's suitcase, a location his experience suggested might indicate contraband, (2) appellant appeared "very nervous," and (3) appellant was sweating even though it was very cold in the passenger terminal.

Sims asked appellant to enter the "search room," where Sims conducted a pat-down inspection. He then proceeded to drill holes into the base of the suitcase, discovered a white powder substance, and ran a test which proved the substance to be cocaine. Appellant was read his *Miranda* warnings and handcuffed to a chair.

Appellant was positively connected with the piece of luggage searched. He picked it up from the baggage carousel and carried it into the customs area. In addition, the tag on the luggage was identical with the tag on appellant's airline ticket.

■ Appellant presents three grounds of error. He asserts, and the state concurs, that the caption of House Bill 730 ("An act relating to offenses and criminal penalties under the Texas Controlled Substances

Act") does not meet the standard prescribed by TEX. CONST. art. III, § 35 and is therefore unconstitutional. That section of the constitution provides that "No bill (except general appropriation bills, ...) shall contain more than one subject, which shall be expressed in the title ...." We concede that House Bill 730 is unconstitutional, basing our holding on *Ex Parte Crisp,* 661 S.W.2d 956 (Tex.Crim.App.—1983).

 However, even though the amendment to an act is declared unconstitutional and invalid, the prior act remains in full force and effect, regardless of the absence of a savings clause. *Id.; See also White v. State,* 440 S.W.2d 660 (Tex.Crim.App.1969). Under the prior act, possession of cocaine was an offense and the punishment received by appellant was within the prior act's punishment range. Therefore, there was a valid law under which appellant was convicted.

Ground of error number one is overruled.

Appellant's third ground of error asserts the trial court erred by accepting appellant's nolo contendere plea conditioned upon the right to appeal matters raised by motion prior to the time of trial. During the acceptance of appellant's plea, the court stated,

"If I follow this plea bargaining agreement you lose your right to appeal this case unless I give you permission to do so or unless an issue has been raised by motion prior to the time of trial?"

Before accepting the nolo contendere plea, the court obtained assurances from appellant that the plea was being offered freely and voluntarily; that no one promised, threatened, or coerced appellant to make the plea; that no one had offered an elusive hope that the governor would pardon the appellant; and that appellant had had no mental problems that would have kept him from understanding those proceedings. *Compare with Thorn v. State,* 491 S.W.2d 425 (Tex.Crim.App.1973).

 Such admonitions comply with TEX. CODE CRIM.PROC.ANN. art. 26.13 (Ver-non Supp. 1982–1983), which outlines the admonishments the court shall give to a defendant before accepting a plea of guilty or nolo contendere.

 Appellant signed a judicial confession which read partially as follows:

I understand the above allegations and I confess that they are true ....

In open court I consent to the oral and written stipulation of evidence in this case ....

I intend to enter a plea of no contest ....

The document in question constitutes a judicial confession. The record before this court indicates nothing to show that appellant entered his plea in reliance upon any defined agreement with the court giving him a right to appeal. Consequently we find that any right appellant might have had to appeal has been waived. One who judicially confesses in court is bound by that confession. *See Harper v. State,* 148 Tex.Crim. 354, 187 S.W.2d 570 (1945).

We find the facts in appellant's situation to be strikingly similar to those in *Allen v. State,* 474 S.W.2d 480 (Tex.Crim.App.1971). In *Allen* the defendant filed a motion to suppress evidence allegedly obtained from an unlawful search. The motion was overruled, and the nolo contendere plea was entered and accepted. The *Allen* court noted that there was no agreement or stipulation nor was it even mentioned that the defendant entered his plea of nolo contendere subject to or in reliance upon his Motion to Suppress.

The court there also noted, as is true in appellant's case, that the defendant had not been induced to change his plea from not guilty and he had been properly admonished concerning his plea of nolo contendere. *Id.* at 482.

 Appellant alleges in ground of error two that the trial court erred in overruling his Motion to Suppress the Evidence, based on an illegal search and seizure. Appellant has waived any error in the admission of

the evidence due to his judicial confession and stipulation of evidence.

The conviction is affirmed.