Alvaro Contreras **FUENTES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 468–84.

Court of Criminal Appeals of Texas, En Banc.

April 17, 1985.

Humberto R. Trejo, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and James C. Brough and Wilford Anderson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

This is an appeal from a conviction of possession with intent to deliver cocaine under Article 4476–15, sec. 4.03(d)(3), V.A.C.S. The trial court assessed punishment at seven years' imprisonment.

On appeal the appellant contends that the trial court erred in failing to sustain his motion to dismiss, because the statute upon which the prosecution was based is unconstitutional, failing to sustain his motion to suppress and erred in accepting his plea of nolo contendere conditioned upon his right to appeal matters raised by motion prior to the time of trial.

The 14th Court of Appeals affirmed the conviction in a panel opinion written by Justice Junell. The court below overruled appellant's first ground of error, though they conceded that the act was unconstitutional, because the appellant received a punishment within the range provided by the prior act. The court below overruled appellant's second and third grounds of error because the appellant judicially confessed at the time of his plea, thereby waiving any right he may have had to appeal. *Fuentes v. State,* 681 S.W.2d 91 (Tex.App.1984).

We granted appellant's petition for discretionary review to determine whether the appellant knowingly, intelligently and voluntarily entered his plea of nolo contendere, and whether the appellant waived his right to appeal by judicially confessing during the plea proceedings.

The state indicted the appellant for possession of more than 400 grams of cocaine, with the intent to deliver, under the 1981 amendments to the Controlled Substances Act. Appellant filed a motion to suppress the cocaine on November 24, 1982.

On February 4, 1983, the trial court heard the suppression motion. Two witnesses appeared: the appellant and the Customs Inspector who searched and arrested the appellant. The trial court overruled the motion to suppress.

On March 9, 1983, the appellant pled nolo contendere to the charge contained in the indictment, which at this time was possession of, with intent to deliver, more than twenty-eight (28) grams but less than two hundred (200) grams of cocaine. The trial court found him guilty. Prior to accepting the appellant's plea, and during the admonishments, the trial court told the appellant:

"If I follow this plea bargaining agreement you lose your right to appeal this case unless I give you permission to do so or unless an issue has been raised by motion prior to the time of trial."

This expresses the trial court's understanding that, as part of the plea bargaining agreement, the appellant would be permitted to appeal the ruling on his suppression motion.

On April 18, 1983, the trial court sentenced the appellant to seven years' imprisonment. At the sentencing hearing, the trial judge explained to the appellant that "it is my understanding is that you want

you give notice of appeal to the portion of this case that you can." The appellant responded by giving the trial court notice of appeal. The trial court then appointed counsel to represent the appellant on his appeal.

In the appellant's first ground of review, he alleges that the lower court erred in holding that his plea of guilty was "knowingly, intelligent and voluntary." Appellant argues that the trial court improperly admonished him on the range of punishment which he was subject to. The basis for this argument is that the appellant was originally charged with possession of more than 400 grams of cocaine with intent to deliver under House Bill 730 (which amended Article 4476–15, V.A.T.S.), and was held to be unconstitutional in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983). Appellant claims that the state's election to proceed against him for possession of more than 28 grams, but less than 200 grams, was part of a plea bargaining agreement. The appellant would have us believe that, if not for the threat of a minimum 15 years' confinement, he would not have pled guilty for the 7 years' confinement which he received.

Nothing in the record supports the appellant's allegation that the state's election was part of a plea bargain, or that the election misled him in any way. In spite of appellant's allegations in his brief, the record clearly reflects that appellant was charged with, and pled guilty to, an offense which carried a punishment range of 5 years to 99 years or life, and a fine of up to $10,000. That was the punishment range for possession of over 28 grams, and less than 200 grams, of cocaine with intent to deliver under House Bill 730. Appellant faced the same punishment range if he had been charged with possession of any amount of cocaine with the intent to deliver under the pre-1981 Act. The trial court properly admonished the appellant on the range of punishment for a first degree felony offense.[1] The record shows that appellant knew he would receive a 7 year sentence and no fine.

■ Where the record indicates that a defendant has received an admonishment as to punishment, although it may be an erroneous one, that is a prima facie showing that the guilty plea was knowing and voluntary. *Ex part McAttee*, 599 S.W.2d 335 (Tex.Cr.App.1980); *Ex parte Smith*, 678 S.W.2d 78 (Tex.Cr.App.1984). The burden then shifts to the defendant to show that he entered his plea without understanding the consequences of such plea and, therefore, was harmed by the erroneous admonishment. *McAtee*, supra, and *Smith*, supra.

■ In the instant case appellant has not satisfied his burden of proving that he was harmed by the trial court's admonishment. Under either House Bill 730, or the pre-1981 Controlled Substances Act, the appellant's 7 year sentence would be at the low end of the punishment range for the offense he pled guilty to. Under both laws he faced a first degree felony charge. We find the appellant knowingly, intelligently and voluntarily pled guilty. The appellant's first ground of error is overruled.

■ In the appellant's second ground of review, he claims that the lower court erred in holding that his judicial confession waived his right to appeal the trial court's ruling on his motion to suppress. We agree with the appellant. The court below held that appellant's judicial confession waived his right to appeal his pre-trial suppression motion. Recently, this Court handed down our ruling in the case of *Morgan v. State*, 688 S.W.2d 504 (Tex. Cr.App.1985). In that case we held that, "just as the plea itself no longer waives the right to complain of pre-trial rulings on appeal, so the confession or ad-

---

**1.** The trial court did misstate the fine, which the appellant faced, as being "up to $50,000.00." The proper fine under the pre-House Bill 730 Controlled Substances Act would be $10,000.00. However, appellant does not claim that this misstatement influenced his plea, misled him in any way, or contributed to a misunderstanding of the consequences of the plea. The court did not assess a fine in this case.

mission will not bar an appellate court from reaching the merits of the complaint." This Court ruled that Article 44.02, V.A.C. C.P., expresses the Legislature's intent to provide a meaningful appeal, while still encouraging guilty pleas when the only contested issue is, for example, the lawfulness of a search.

The trial court's assurances to the appellant that his guilty plea would not waive his appeal, in addition to this Court's ruling in *Morgan,* supra, require that we reverse the judgment of the Court of Appeals, and remand this cause to that court for review of the appellant's search and seizure claim only.

CLINTON, Judge, concurring.

For the reasons stated and developed in my concurring opinion in *Hurwitz v. State,* —— S.W.2d —— (Tex.Cr.App., No. 742–84, delivered April 10, 1985), I would not base a test of the nature and character of a guilty plea on the admonishment as to range of punishment in a case involving impact of the Texas Controlled Substances Act after its revival through the effect of *Ex Parte Crisp,* 661 S.W.2d 944, 661 S.W.2d 956 (Tex.Cr.App.1983). The analysis the Court undertakes to perform demonstrate the twisting, straining and torturing nature of the exercise.

However, as in *Ex parte Smith,* 678 S.W.2d 78 (Tex.Cr.App.1984), an entirely separate and distinct issue is whether considerations for a plea bargain are given and a bargain made in a context of provisions of the law as they then existed, particularly with respect to available ranges of punishment touching respective offenses included in the transaction alleged in a charging instrument.

We granted review of a ground in appellant's petition on his representation that the " 'plea negotiations' were based primarily upon a lesser included offense which did not exist due to the unconstitutional statute," but which was then provided in that statute. Though the State says the appellant is incorrect in asserting that "the State offered to reduce the charge to a lesser included offense," the facts remain that there was a plea bargain pursuant to which appellant entered his plea to an offense charged in terms of the statute then in effect, the trial court admonished him of the range of punishment attached thereto and the judgment reflects his conviction of that offense in such terms. Indeed, the court of appeals stated in the first paragraph of its opinion that the conviction is for violation of Article 4476–15, § 4.03(c), as enacted in 1981.

I would find that there is plenty material in the record showing that "the state's election was part of a plea bargain," and proceed to address the issue in that context. Because the majority does not, I am unable to join the opinion of the Court. However, I do agree with the judgment of the Court upon its sustaining appellant's second ground of review.

TEAGUE, J., joins.