TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00167-CR


NO. 03-97-00168-CR






Wayne Schlickeisen, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NOS. 0961635 & 0961636, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 Wayne Schlickeisen appeals from his convictions for murder and attempted murder. He
was sentenced to concurrent fifty and twenty-year terms of imprisonment. We find no error.


THE CONTROVERSY


 While thirty-one-year-old Schlickeisen was incarcerated on December 5, 1996, his father
visited him in the jail and persuaded him to accept a previously-tendered plea bargain by which
Schlickeisen would plead guilty in exchange for a sentence of fifty-years confinement in lieu of the forty-five
years Schlickeisen had demanded. The plea bargain was consummated the same day. Schlickeisen stated
to the trial judge that he pleaded guilty simply and only because he was guilty and for no other reason; that
his plea of guilty was given freely and voluntarily; that he understood the possible range of punishment for
the offense; and that he waived certain rights. The resulting sentence conformed to the plea bargain. 
Schlickeisen signed under oath the same day a written plea of guilty and judicial confession. Throughout,
he was advised by counsel and swore he was satisfied that he had been effectively represented.

 On January 6, 1997, however, Schlickeisen filed a motion for new trial averring therein
that his "plea of guilty was not knowingly and voluntarily entered because [he] was coerced into his plea
of guilty by the actions of his father insisting that he accept the plea bargain offered by the State." The
motion was overruled following an evidentiary hearing. Schlickeisen contends in a single point of error that
the ruling was erroneous.



 DISCUSSION AND HOLDINGS


 The trial judge was powerless to accept Schlickeisen's guilty plea unless it appeared the
plea was free and voluntary. See Tex. Code Crim. Proc. Ann. art. 26.13(b) (West 1989 & Supp. 1998). 
The fact of voluntariness was established prima facie by the judge's inquiries and Schlickeisen's responses
at trial on December 5, 1996.

 In the evidentiary hearing on Schlickeisen's motion for new trial, he offered evidence to
prove his allegation that he was "coerced into his plea of guilty by the actions of his father insisting that he
accept the plea bargain offered by the State." The substance of the father's testimony is distilled in the
following exchange with defense counsel referring to the father's visit with Schlickeisen shortly before he
pleaded guilty:


Q: Can you explain how you pressured your son to accept the plea bargain?


A: First he had apparently agreed to accept a 45-year plea bargain. And then he found
out that the plea bargain was going to be 50, he balked. He would not take it. He
said, let's go to trial. And so I went back [to the jail] and I told him that, "Wayne, it's
only five more years--it's only two and a half more years. It's not that much."


 I couldn't force my son to do anything. No one can force anyone to do anything,
especially verbally. But I did lean on him. I wanted him to accept [the fifty-year
sentence].


Q: [When Schlickeisen pleaded guilty] did he answer freely and voluntarily to the Judge
when the Judge asked him the questions about whether or not he was entering this plea
freely and voluntarily and whether or not he was guilty of this offense?


A: Yes.



On re-direct examination, the father testified Schlickeisen would not have accepted the fifty-year plea
bargain absent his conversation with his father.

 Schlickeisen testified he


made a mistake when I was saying [at trial] that I knowingly and intentionally took the life
of another human being, because I did not do that. And I wondered at that point in time,
where is my defense? What happened to my defense?



Schlickeisen would not have accepted the fifty-year plea bargain "but for the actions of [his] father that
day" and he "so informed" his trial counsel within a day or two and stated to his counsel that he "had been
forced into" his plea of guilty.

 Schlickeisen testified his father's testimony accurately described their visit in jail. 
Schlickeisen, however, added that he was put under pressure by the visit because his father

was--if he was not crying, he was close to tears. And I could tell that he was genuinely
concerned. And it was hard on me. I mean, this had been discussed on the telephone,
too, about taking this thing to trial. Being that we have such a distinct last name, everybody
would know who it was, and there was pressure on me about that, too. I know that they
didn't want this thing to go to trial. I didn't want it to go to trial. But when he came back
there [to the jail] to talk to me, he was adamant that I take it at that point for fear that I
would get this 40-year flat or whatever.



 On cross-examination, Schlickeisen testified he lied to the trial judge when he told the judge
that his plea of guilty was free and voluntary; however, Schlickeisen continued, he could not remember
"what was said in front of" the trial judge.

 It is evident that Schlickeisen's allegation that he was "coerced" into pleading guilty far
exceeded the scope of his evidence for there is no evidence that he was threatened in any manner by
anyone. If we consider Schlickeisen's motion as claiming merely that his confession was deprived of its
voluntary character because emotional pressure from his father deprived him of his free will, we believe the
judge could reasonably reject the claim in light of all the evidence and the circumstances. The burden lay
upon Schlickeisen to overcome the prima facie proof of voluntariness resulting from his statements at trial
when he pleaded guilty. See Ex parte Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986); Griffin
v. State, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); Fuentes v. State, 688 S.W.2d 542, 544 (Tex.
Crim. App. 1985). Schlickeisen's father testified explicitly that Schlickeisen entered his guilty plea
voluntarily and freely and that he did not "force" Schlickeisen to plead guilty. Schlickeisen testified merely
that it was "hard" on him seeing his father crying or near tears, that he made a mistake in pleading guilty,
that he lied when he pleaded guilty and, alternately, did not remember what was said in front of the trial
judge. Given the tenor of the evidence and the circumstances, we cannot say the judge was unreasonable
in refusing to find that Schlickeisen's guilty plea was involuntary. Consequently, the judge did not abuse
his discretion in overruling the motion for new trial.

 We therefore affirm the trial-court judgments.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed on Both Causes

Filed: January 29, 1998

Do Not Publish



 WP="BR2">
A: First he had apparently agreed to accept a 45-year plea bargain. And then he found
out that the plea bargain was going to be 50, he balked. He would not take it. He
said, let's go to trial. And so I went back [to the jail] and I told him that, "Wayne, it's
only five more years--it's only two and a half more years. It's not that much."


 I couldn't force my son to do anything. No one can force anyone to do anything,
especially verbally. But I did lean on him. I wanted him to accept [the fifty-year
sentence].


Q: [When Schlickeisen pleaded guilty] did he answer freely and voluntarily to the Judge
when the Jud