# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00271-CR

**Kerry Bruce Yarbrough, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE CRIMINAL DISTRICT COURT 2 OF DALLAS COUNTY
### NO. F9970949-I, HONORABLE EDWIN V. KING, JR., JUDGE PRESIDING

Appellant Kerry Yarbrough was convicted of failing to register with the Dallas Police Department as a sexual offender after residing in Dallas for a period of greater than seven days. *See* Tex. Code Crim. Proc. Ann. art. 62.02 (West Supp. 2001). Yarbrough pleaded guilty to the state jail felony offense and was sentenced to 365 days in prison and a $500 fine. *See id.* art. 62.10 (West Supp. 2001). We will affirm.

## DISCUSSION

On appeal, Yarbrough argues that because the court did not inform him of its authority to impose punishment permissible for a Class A misdemeanor for his state jail felony, he did not enter his plea knowingly, voluntarily, and intelligently. *See* Tex. Penal Code Ann. § 12.44 (West Supp. 2001). We disagree.

It is axiomatic that a constitutionally valid guilty plea must be freely, knowingly, and voluntarily made. *Brady v. United States*, 397 U.S. 742, 748 (1970). A guilty plea is voluntary if the defendant is advised of all direct consequences of the plea, although the trial court need not advise the defendant of every aspect of law relevant to the case or sentencing. *Id.* at 755; *State v. Vasquez*, 889 S.W.2d 588, 590 (Tex. App.-Houston [14th Dist.] 1994, no pet.). Direct consequences of a plea are generally held to be the admonishments listed in article 26.13 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (West 1989 & Supp. 2001); *Meyers v. State*, 623 S.W.2d 397, 402 (Tex. Crim. App. 1981) (purpose and function of article 26.13 is to ensure only constitutionally valid plea is accepted by trial court). If the record reveals that the trial court admonished the defendant in substantial compliance with article 26.13, the State establishes a prima facie showing that the plea was knowing and voluntary. *Crawford v. State*, 890 S.W.2d 941, 944 (Tex. App.-San Antonio 1994, no pet.). Once the prima facie showing is made, the burden shifts to the defendant to show that he pleaded guilty without understanding the consequences of his guilty plea, and consequently suffered harm. Tex. Code Crim. Proc. Ann. art. 26.13(c); *Fuentes v. State*, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985).

The required admonitions may be made orally or in writing. Tex. Code Crim. Proc. Ann. art. 26.13(d). If made in writing, the defendant and defense counsel must file a statement that the defendant understood the admonishments and was aware of the consequences of the guilty plea. *Id.* One of the requirements mandated by article 26.13 is that the trial court admonish a defendant of the punishment range for the charged offense. *Id.* art. 26.13(a). In this

2

case, the record reveals that the trial court admonished the defendant by giving the range of punishment for the charged offense in writing and the admonishments were signed by both the defendant and defense counsel. Appellant cites no authority and we have found none that requires a trial court to additionally admonish the defendant that it may impose a sentence permissible for a Class A misdemeanor in lieu of the punishment for a state jail felony. Moreover, the record does not affirmatively show that Yarbrough was not otherwise informed, either by the prosecutor or defense counsel, that the trial court could have imposed a punishment permissible for a Class A misdemeanor. Yarbrough has failed to satisfy his burden of demonstrating that he did not understand the consequences of his guilty plea.

Even if we were to find error in the trial court's failure to inform Yarbrough of its authority under section 12.44, appellant fails to demonstrate harm. In his brief, Yarbrough argues that if he had known that he could be punished for a Class A misdemeanor instead of a state jail felony and could have received no prison time, he might not have agreed to the terms of the agreement. However, Yarbrough testified that the State offered him a sentence of probation with no prison time, and that the offer remained available until the morning of his guilty plea. Yarbrough elected to serve 365 days instead.

Finally, the sentence imposed on Yarbrough was within the range of punishment permissible for a Class A misdemeanor.[1] Thus, he has failed to demonstrate how he was harmed,

---

[1] Section 12.21 of the Texas Penal Code provides:

An individual adjudged guilty of a Class A misdemeanor shall be punished by

(1) a fine not to exceed $4,000;

and we conclude beyond a reasonable doubt that any error did not contribute to the conviction or punishment.  *See* Tex. R. App. P.  44.2(a).[2]  Yarbrough's first point of error is overruled.

By his second point, Yarbrough complains that the trial court erred in failing to grant his motion for reduction of punishment and charge.  Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure provides:

> [I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:
>
> (A)  specify that the appeal is for a jurisdictional defect;
>
> (B)  specify that the substance of the appeal was raised by written motion and ruled on before trial; or
>
> (C)  state that the trial court granted permission to appeal.

---

(2)  confinement in jail for a term not to exceed one year; or

(3)  both such fine and confinement.

Tex. Penal Code Ann. § 12.21 (West 1994).

[2]  The State argues that appellant's alleged error is nonconstitutional error reviewable for harm pursuant to Texas Rule of Appellate Procedure 44.2(b).  *See Aguirre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999).  We express no opinion on the State's assertion because appellant has failed to show harm under either harmless error analysis.  *See* Tex. R. App. P. 44.2(a), (b).

In this case, Yarbrough filed a general notice of appeal, failing to satisfy any of the prerequisites set forth in rule 25.2.[3] Thus, he has preserved nothing for our review, and his second point of error is overruled.

## CONCLUSION

Having overruled both of appellant's points of error, we affirm his conviction.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Puryear

Affirmed

Filed:   March 29, 2001

Do Not Publish

_____

[3] We note that Rule 25.2 does not preclude review of Yarbrough's involuntary guilty plea claim because the rule contemplates a valid, voluntary plea of guilty or nolo contendere. *See Flowers v. State*, 935 S.W.2d 131, 133-34 (Tex. Crim. App. 1996) (construing predecessor to Rule 25.2); *Hernandez v. State*, 986 S.W.2d 817, 820 (Tex. App.–Austin 1999, pet. ref'd) (applying *Flowers* to rule 25.2).