NO. 07-05-0251-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2006

_____

VICTOR NORRIS ELLISON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0935216D; HONORABLE ROBERT K. GILL, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following an open plea of guilty, appellant Victor Norris Ellison was convicted of two counts of aggravated sexual assault of a child and sentenced to 45 years confinement. In

presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.–San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant subsequently filed a *pro se* response alleging ineffective assistance of counsel. The State did not favor us with a brief.

In July 2004, appellant was charged with two counts of aggravated sexual assault of a child, a first degree felony. In entering an open plea of guilty, he signed a judicial confession and written plea admonishments waiving, among other things, his right to a jury trial. He also waived his right to have a court reporter record the proceedings. Accepting appellant's plea, the trial court found him guilty on both counts and assessed his punishment at 45 years confinement on each count with the sentences to run concurrently.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

By his *Anders* brief, counsel concedes two grounds that could arguably support an appeal. The first is whether the 45-year sentence was cruel and unusual punishment. Counsel's second ground is whether appellant's guilty plea was made knowingly and voluntarily.

The statutory punishment for a first degree felony is confinement in a state jail facility for life or for any term not more than 99 years or less than 5 years and a fine not to exceed $10,000. Tex. Pen. Code Ann. § 12.32(a)-(b) (Vernon 2003). Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate either the federal or Texas prohibitions against cruel and unusual punishment. *See, e.g.*, Jordan v. State, 495 S.W.2d 949, 952 (Tex.Cr.App. 1973); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd). The trial court's assessment of 45 years confinement on both counts was within the range of punishment authorized by the Legislature. *See* Tex. Pen. Code Ann. 12.32. Furthermore, because appellant did not object to the legality of the sentence in the trial court, he may not raise such a complaint for the first time on appeal. *See* Hardeman v. State, 1 S.W.3d 689, 690 ( Tex.Cr.App. 1999); Solis v. State, 945 S.W.2d 300, 301 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd).

Where the record indicates a defendant has received admonishments as to punishment in accordance with article 26.13 of the Code of Criminal Procedure, that is *prima facie* evidence his guilty plea was made knowingly and voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13; Fuentes v. State, 688 S.W.2d 542, 544 (Tex.Cr.App. 1985).

Prior to sentencing, appellant was presented with and signed written plea admonishments that were consistent with the requirements of article 26.13. He also stipulated that he understood the admonishments and was aware of the consequences of his plea. Upon a review of the record, we find appellant's plea was entered knowingly and voluntarily and that he was properly admonished in accordance with the Code of Criminal Procedure.

We have also reviewed appellant's *pro se* response and made an independent review of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, No. PD-300-04, 2005 WL 3057799 (Tex.Cr.App. Nov. 16, 2005). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4