COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-252-CR

BRENDA JOYCE OLIVER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Brenda Joyce Oliver entered an open plea of guilty to aggravated assault on a public servant with a deadly weapon,
(footnote: 2) and pled true to the habitual offender allegation in the indictment.  The trial court assessed Appellant’s punishment at twenty-eight years’ confinement, and sentenced her accordingly.  We affirm.

PROCEDURAL BACKGROUND
 

On March 31, 2006, Appellant signed a judicial confession and written plea admonishments, acknowledging that she was entering an open plea of guilty to the offense of aggravated assault on a public servant, a peace officer, with a deadly weapon, an automobile.  This offense is a first degree felony.
(footnote: 3) 
Appellant signed an application for deferred adjudication community supervision and requested that a presentence investigation report (PSI) be prepared. 
Appellant waived her right to have a court reporter present at the guilty plea hearing.

On July 19, 2006, a punishment hearing was held during which the court confirmed with Appellant that the charge against her had previously been explained to her by her attorney, and that during the prior guilty plea hearing the court had explained the written plea admonishments.  The court further confirmed with Appellant that at the time of the guilty plea hearing Appellant had understood that the charge against her is a first degree felony, and that Appellant’s plea of true to the habitual offender allegation would allow the court to impose punishment in the range of twenty-five to ninety-nine years or life in prison.  Appellant also specifically acknowledged that she was aware that the court was not obligated to grant her request for deferred adjudication community supervision.

At the punishment hearing, the court reviewed the PSI, and Appellant offered testimony from her mother, sister, and daughter regarding her suitability for community supervision.  All these family members asked the court to give Appellant one more chance.  Appellant’s sister testified that over the years Appellant has used cocaine, methamphetamine, and maybe marijuana. Appellant’s mother testified that Appellant has been through drug treatment several times without success.  Appellant testified that over the past twelve and a half years, she has only been out of confinement for five and a half months, and it is breaking the hearts of her family members.  She wants to be able to care for her mother and three children and is willing to do whatever it takes if the court gives her another chance.  Upon cross-examination, Appellant acknowledged that over the span of the last twenty years, she has had thirty misdemeanor arrests, twenty felony arrests, and one federal arrest.

During closing argument, Appellant’s counsel told the court that Appellant  “has hit rock bottom and we throw ourselves on Your Honor’s mercy.  We respect whatever Your Honor sees fit to do.”  The State argued that Appellant’s criminal history goes back to 1977 and that for over twenty-five years she has been committing crimes; she has had her probation revoked at least three different times; her parole has been revoked at least twice; and not only did she assault the peace officer in this case by dragging him with her car, she hit four different people in their cars and still continued driving away from police officers.  The State asked the court to impose confinement for a term deemed appropriate by the court.

At the conclusion of the hearing, based upon the pleas that Appellant had previously entered, the trial court found Appellant guilty and the habitual allegation true, and assessed Appellant’s punishment at twenty-eight years’ confinement.  In two points on appeal, Appellant asserts that her plea of guilty was made involuntarily and unknowingly because her attorney told her she would get community supervision if she pled guilty, and that because of this action on the part of her attorney, she received ineffective assistance of counsel.

VOLUNTARINESS OF GUILTY PLEA

In her first point, Appellant claims that her guilty plea was made involuntarily and unknowingly because her attorney told her that she would get community supervision if she pled guilty.  The State responds that the record does not support Appellant's contention that her plea was involuntary and Appellant has failed to bring forth any evidence to establish her contention.

Article 26.13(a) of the Texas Code of Criminal Procedure provides that prior to accepting a plea of guilty, the trial court shall admonish the defendant, either orally or in writing, of the consequences of entering the guilty plea.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a) (Vernon Supp. 2006).  The reason for these admonishments is to ensure that the defendant enters her plea knowingly and voluntarily.  
See Carranza v. State
, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); 
Ex parte Evans
, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985).

At the punishment hearing, the trial court clearly and specifically confirmed with Appellant that at the time of the guilty plea hearing she understood that the charge against her is a first degree felony, and that her plea of true to the habitual offender allegation would allow the court to impose a punishment of anywhere between twenty-five to ninety-nine years or life in prison.  Importantly, Appellant also verbally acknowledged on the record that she was aware that the court was not obligated to grant her request for deferred adjudication community supervision.  Prior to pleading guilty, Appellant signed plea papers containing admonishments that correctly recite the appropriate punishment range for this offense.  It is significant that although Appellant testified at the punishment hearing, she never once mentioned her current contention on appeal that the only reason she pled guilty was because she believed she would receive deferred adjudication community supervision.  Further, although appellate counsel was appointed on the day that the trial court sentenced Appellant, no motion for new trial was filed raising the alleged involuntariness of Appellant’s plea.
(footnote: 4)
 Where the record indicates that a defendant has received an admonishment as to punishment, that is a prima facie showing that the guilty plea was knowing and voluntary.  
Fuentes v. State
, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985).  The burden then shifts to the defendant to show that she entered her plea without understanding the consequences of such plea and, therefore, was harmed by the erroneous admonishment.  
Id.  
Appellant received the proper written admonishments, and the trial court carefully confirmed with Appellant that she understood that the court was not required to give her deferred adjudication community supervision.  The record reflects that Appellant has failed to present any evidence whatsoever regarding her contention on appeal that her guilty plea was involuntary.  
We overrule Appellant’s first point.

INEFFECTIVE ASSISTANCE OF COUNSEL

In her second point, Appellant argues that she received ineffective assistance of counsel because her trial attorney provided deficient advice (i.e., that the trial court would place Appellant on community supervision if she pled guilty), and that but for that advice, Appellant would not have pled guilty.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that her
 counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
see Ex parte Moody
, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999) (discussing claim of ineffective assistance of counsel concerning defendant’s challenge 
to voluntariness of her plea entered upon advice of counsel).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson v. State
, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett v. State
, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
 (quoting 
Thompson
, 9 S.W.3d at 813).

As discussed earlier, there was absolutely no testimony developed in the trial court concerning Appellant’s contention on appeal that her trial attorney gave her incorrect advice.  The issue was never even impliedly raised at trial.  No motion for new trial was filed alleging that Appellant’s trial counsel provided deficient advice.  Based upon the record before us, we hold that Appellant failed to establish that her trial counsel was ineffective.  We overrule Appellant’s second point.

CONCLUSION

Having overruled both of Appellant’s points, we affirm the judgment of the trial court.

PER CURIAM

PANEL B:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  March 15, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 22.02(a)(2), (b)(2)(B) (Vernon Supp. 2006).

3:
See
 
id.
 § 22.02(b)(2)(B).

4:
Appellant’s trial attorney did not testify at trial concerning the advice she gave Appellant regarding the entry of her guilty plea. 
 If Appellant’s appellate counsel had filed a motion for new trial
 asserting Appellant’s plea was involuntarily entered because of advice received from her trial attorney, Appellant would have been afforded the opportunity to question her trial attorney regarding the advice she allegedly gave Appellant.