COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-252-CR

 

 

BRENDA JOYCE OLIVER                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Brenda Joyce Oliver
entered an open plea of guilty to aggravated assault on a public servant with a
deadly weapon,[2]
and pled true to the habitual offender allegation in the indictment.  The trial court assessed Appellant=s punishment at twenty-eight years= confinement, and sentenced her accordingly.  We affirm.

                                PROCEDURAL BACKGROUND        

On March 31, 2006, Appellant
signed a judicial confession and written plea admonishments, acknowledging that
she was entering an open plea of guilty to the offense of aggravated assault on
a public servant, a peace officer, with a deadly weapon, an automobile.  This offense is a first degree felony.[3]
Appellant
signed an application for deferred adjudication community supervision and
requested that a presentence investigation report (PSI) be prepared. Appellant waived her right to have a court reporter present at the
guilty plea hearing.








On July 19, 2006, a
punishment hearing was held during which the court confirmed with Appellant
that the charge against her had previously been explained to her by her
attorney, and that during the prior guilty plea hearing the court had explained
the written plea admonishments.  The
court further confirmed with Appellant that at the time of the guilty plea
hearing Appellant had understood that the charge against her is a first degree
felony, and that Appellant=s plea of true to the habitual offender allegation would allow the
court to impose punishment in the range of twenty-five to ninety-nine years or
life in prison.  Appellant also
specifically acknowledged that she was aware that the court was not obligated
to grant her request for deferred adjudication community supervision.

At the punishment hearing,
the court reviewed the PSI, and Appellant offered testimony from her mother,
sister, and daughter regarding her suitability for community supervision.  All these family members asked the court to
give Appellant one more chance. 
Appellant=s sister
testified that over the years Appellant has used cocaine, methamphetamine, and
maybe marijuana. Appellant=s mother testified that Appellant has been through drug treatment
several times without success.  Appellant
testified that over the past twelve and a half years, she has only been out of
confinement for five and a half months, and it is breaking the hearts of her
family members.  She wants to be able to
care for her mother and three children and is willing to do whatever it takes
if the court gives her another chance. 
Upon cross-examination, Appellant acknowledged that over the span of the
last twenty years, she has had thirty misdemeanor arrests, twenty felony
arrests, and one federal arrest.








During closing argument,
Appellant=s counsel
told the court that Appellant  Ahas hit rock bottom and we throw ourselves on Your Honor=s mercy.  We respect whatever
Your Honor sees fit to do.@  The State argued that
Appellant=s criminal
history goes back to 1977 and that for over twenty-five years she has been
committing crimes; she has had her probation revoked at least three different
times; her parole has been revoked at least twice; and not only did she assault
the peace officer in this case by dragging him with her car, she hit four
different people in their cars and still continued driving away from police
officers.  The State asked the court to
impose confinement for a term deemed appropriate by the court.

At the conclusion of the
hearing, based upon the pleas that Appellant had previously entered, the trial
court found Appellant guilty and the habitual allegation true, and assessed
Appellant=s punishment
at twenty-eight years=
confinement.  In two points on appeal,
Appellant asserts that her plea of guilty was made involuntarily and
unknowingly because her attorney told her she would get community supervision
if she pled guilty, and that because of this action on the part of her
attorney, she received ineffective assistance of counsel.

VOLUNTARINESS OF GUILTY PLEA








In her first point, Appellant
claims that her guilty plea was made involuntarily and unknowingly because her
attorney told her that she would get community supervision if she pled
guilty.  The State responds that the
record does not support Appellant's contention that her plea was involuntary
and Appellant has failed to bring forth any evidence to establish her
contention.

Article 26.13(a) of the Texas
Code of Criminal Procedure provides that prior to accepting a plea of guilty,
the trial court shall admonish the defendant, either orally or in writing, of
the consequences of entering the guilty plea. 
Tex. Code Crim. Proc. Ann.
art. 26.13(a) (Vernon Supp. 2006).  The
reason for these admonishments is to ensure that the defendant enters her plea
knowingly and voluntarily.  See
Carranza v. State, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); Ex parte
Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985).








At the punishment hearing,
the trial court clearly and specifically confirmed with Appellant that at the
time of the guilty plea hearing she understood that the charge against her is a
first degree felony, and that her plea of true to the habitual offender
allegation would allow the court to impose a punishment of anywhere between
twenty-five to ninety-nine years or life in prison.  Importantly, Appellant also verbally
acknowledged on the record that she was aware that the court was not obligated
to grant her request for deferred adjudication community supervision.  Prior to pleading guilty, Appellant signed
plea papers containing admonishments that correctly recite the appropriate
punishment range for this offense.  It is
significant that although Appellant testified at the punishment hearing, she
never once mentioned her current contention on appeal that the only reason she
pled guilty was because she believed she would receive deferred adjudication
community supervision.  Further, although
appellate counsel was appointed on the day that the trial court sentenced
Appellant, no motion for new trial was filed raising the alleged involuntariness
of Appellant=s plea.[4]

Where the record indicates
that a defendant has received an admonishment as to punishment, that is a prima
facie showing that the guilty plea was knowing and voluntary.  Fuentes v. State, 688 S.W.2d 542, 544
(Tex. Crim. App. 1985).  The burden then
shifts to the defendant to show that she entered her plea without understanding
the consequences of such plea and, therefore, was harmed by the erroneous admonishment.  Id. 
Appellant received the proper written admonishments, and the trial
court carefully confirmed with Appellant that she understood that the court was
not required to give her deferred adjudication community supervision.  The record reflects that Appellant has failed
to present any evidence whatsoever regarding her contention on appeal that her
guilty plea was involuntary.  We overrule
Appellant=s first
point.








 

INEFFECTIVE ASSISTANCE OF
COUNSEL

In her second point, Appellant
argues that she received ineffective assistance of counsel because her trial
attorney provided deficient advice (i.e., that the trial court would place
Appellant on community supervision if she pled guilty), and that but for that
advice, Appellant would not have pled guilty.

To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that her counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); see Ex parte Moody, 991 S.W.2d 856, 858
(Tex. Crim. App. 1999) (discussing claim of ineffective assistance of counsel
concerning defendant=s challenge
to voluntariness of her plea entered upon advice of counsel).








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  The issue is
whether counsel=s assistance
was reasonable under all the circumstances and prevailing professional norms at
the time of the alleged error.  See
Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective assistance
claim.  Thompson, 9 S.W.3d at
813-14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).

As discussed earlier, there
was absolutely no testimony developed in the trial court concerning Appellant=s contention on appeal that her trial attorney gave her incorrect
advice.  The issue was never even
impliedly raised at trial.  No motion for
new trial was filed alleging that Appellant=s trial counsel provided deficient advice.  Based upon the record before us, we hold that
Appellant failed to establish that her trial counsel was ineffective.  We overrule Appellant=s second point.








 

                                           CONCLUSION

Having overruled both of
Appellant=s points, we
affirm the judgment of the trial court.

PER CURIAM

 

PANEL
B:  HOLMAN, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 15, 2007

 











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Penal Code Ann. ' 22.02(a)(2), (b)(2)(B) (Vernon
Supp. 2006).





[3]See id. ' 22.02(b)(2)(B).





[4]Appellant=s
trial attorney did not testify at trial concerning the advice she gave
Appellant regarding the entry of her guilty plea.  If Appellant=s appellate counsel had filed a
motion for new trial asserting Appellant=s
plea was involuntarily entered because of advice received from her trial
attorney, Appellant would have been afforded the opportunity to question her
trial attorney regarding the advice she allegedly gave Appellant.