

# NUMBER 13-13-00243-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ROBERT LEE GONZALES,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

### On appeal from the 24th District Court
### of Jackson County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Benavides

Appellant, Robert Lee Gonzales, appeals his conviction for aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02 (West, Westlaw through 2013 3d C.S.). Gonzales's conviction was enhanced to a first-degree felony under the repeat and habitual felony offender statute related to an

adjudication made by a juvenile court in 2003. *See id.* § 12.42(b), (f) (West, Westlaw through 2013 3d C.S.). By one issue, Gonzales asserts that his plea of guilty to the trial court was not freely and voluntarily made. We affirm.

## I. BACKGROUND

A Jackson County grand jury indicted Gonzales for aggravated assault with a deadly weapon, with a punishment enhancement allegation that Gonzales was a repeat offender. *See id.* §§ 22.02; 12.42(b), (f). On April 23, 2013, Gonzales entered an open plea of guilty for aggravated assault with a deadly weapon. The trial court accepted the plea of guilty and found Gonzales guilty as charged. Gonzales then elected for the trial court to assess his punishment.

A punishment hearing was held in which several witnesses testified, including Gonzales. Following the hearing, the trial court sentenced Gonzales to forty years imprisonment with the Texas Department of Criminal Justice's Institutional Division. This appeal followed.

## II. OPEN PLEA

By his sole issue, Gonzales asserts that his open plea of guilty to the charge of aggravated assault with a deadly weapon was not freely and voluntarily made.

### A. Applicable Law

Before accepting any plea of guilty or nolo contendere from a defendant, a trial court is required to admonish the defendant of five statutorily required items. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1)–(5) (West, Westlaw through 2013 3d C.S.). Furthermore, the code of criminal procedure states that no plea of guilty shall be accepted by the trial court unless it appears that the defendant is mentally competent

2

and the plea is free and voluntary. *See id.* art. 26.13(b) (West, Westlaw through 2013 3d C.S.); *see also Meyers v. State*, 623 S.W.2d 397, 401–02 ("The constitutional key to validity of a guilty plea is that it be voluntary and intelligently made and, if upon advice of an attorney, that counsel be reasonably competent and render effective assistance.").

In admonishing the defendant prior to accepting his plea of guilty, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (West, Westlaw through 2013 3d C.S.). Thus, when the record shows that the defendant received the appropriate admonishments, it is a prima facie showing that the guilty plea was free and voluntary. *See Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986); *Richard v. State*, 788 S.W.2d 917, 920 (Tex. App.—Houston [1st Dist.] 1990, no pet.). The burden then shifts to the defendant to show that he entered his plea without understanding the consequences of such plea. *See Fuentes v. State*, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985) (en banc).

### B. Discussion

The record of the plea hearing reveals that the trial court substantially complied with the appropriate admonishments of an open plea of guilty. The trial court admonished Gonzales that the appropriate range of punishment in this case was five to ninety-nine years' imprisonment due to the punishment enhancement allegation, which elevated the aggravated assault with a deadly weapon charge from a second-degree felony to a first-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1). At this point, Gonzales expressed confusion regarding how his 2003 juvenile adjudication

3

for aggravated assault with a deadly weapon was used to enhance his current charge. The trial court explained to Gonzales, however, that under penal code section 12.42(f), his 2003 juvenile adjudication could be used as a reason to enhance his punishment as a repeat and habitual felony offender. Gonzales then stated on the record that he understood and did not need the indictment read into the record for further explanation. Gonzales further expressed confusion regarding the two paragraphs of his indictment. Gonzales stated that both paragraphs of his indictment alleged "the same thing." The State agreed with Gonzales's argument and proceeded forward only with paragraph two of Gonzales's indictment as well as the punishment enhancement allegation.

The trial court also admonished Gonzales that although he is a citizen of the United States, in the event that such representation was untrue, a plea of guilty could affect Gonzales's citizenship or naturalization status under federal law. *See id.* art. 26.13(a)(4) (West, Westlaw through 2013 3d C.S.).[1] After this admonishment, Gonzales agreed to proceed with his plea.

The trial court then inquired whether Gonzales's signature appeared on various documents included in the court's file such as Gonzales's right of appeal, a plea memorandum, and an application to waive Gonzales trial by jury. Gonzales confirmed to the trial court that his signature appeared on each document. Gonzales then stated, however, that the signed waiver of trial by jury was not explained to him by his trial counsel. At that point, the trial court explained the effect of the jury trial waiver and asked Gonzales whether he agreed to waive his trial by jury or proceed forward with a

---

[1] Admonishments pursuant to article 46.13(a)(2)–(4) were inapplicable to the present case and, therefore, not administered by the trial court.

4

jury trial. Gonzales then agreed to waive his right to a jury trial because he had "no attorney" representing him.[2]

The trial court then entered into a colloquy with Gonzales regarding his dissatisfaction with his trial counsel and also allowed Gonzales's trial counsel to respond to the allegations. The trial court then made the following observation of Gonzales's trial counsel:

> The Court will note that [Gonzales's counsel] is, in fact, a respected member of the bar and he is recognized for his legal competence and excellence and just so that it's very clear that the Court does not feel that Mr. Gonzales has been provided inadequate counsel or the opportunity to be represented to the highest standards of bar—of the profession.

The trial court again asked Gonzales several more times whether he was waiving his right to a trial by jury, and each time Gonzales answered in the affirmative. Gonzales then entered his plea of guilty to the charge of aggravated assault with a deadly weapon as charged in paragraph two of his indictment. Finally, Gonzales denied that anyone threatened him or forced him to plead guilty to the present charge. Based on this record, we conclude that the trial court substantially complied with the appropriate admonishments and conducted an independent review of whether Gonzales was receiving adequate counsel as well as whether Gonzales understood and agreed to waive his right to a jury trial in this case. In sum, a prima facie showing exists that Gonzales's guilty plea was free and voluntary. *See Ex parte Williams*, 704 S.W.2d at 775.

The burden then shifts to Gonzales to show that he entered his plea without understanding the consequences of such plea. *See Fuentes*, 688 S.W.2d at 544. In his

---

[2] The record reflects that retained counsel represented Gonzales throughout the entirety of this proceeding.

5

brief, Gonzales argues that throughout the proceeding he was "torn between wanting trial to begin [on the day of the hearing], needing a different lawyer to defend him, or defending himself *pro se*." Gonzales further argues that he "vacillated between wanting a jury and not wanting one." Finally, Gonzales argues that he experienced conflicts and disagreements with his retained trial counsel. While the record lends support to Gonzales's arguments, the record also shows that the trial court: (1) complied with the appropriate admonishments under article 26.13; (2) heard Gonzales's complaints about his trial counsel and found that Gonzales was adequately represented; and (3) fully explained to Gonzales the consequences of waiving a jury trial and asked him several times whether he agreed to such a waiver. Accordingly, we conclude that Gonzales did not meet his burden on this issue. Gonzales's sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
7th day of August, 2014.